IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANNE GASAWAY, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 10-2902 |
| v. | : | |
| MICHAEL ASTRUE, | : | |
| Commissioner of Social Security. | : | |

OPINION

Slomsky, J.                                                                                                  May 17, 2011

I.       INTRODUCTION

On June 22, 2010, Plaintiff Joanne Gasaway filed a *pro se* Complaint against Defendant Michael J. Astrue, Commissioner of the Social Security Administration. In the Complaint, Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of Defendant's final decision denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and VXI of the Social Security Act ("Act"). On April 8, 2011, United States Magistrate Judge Carol Wells filed a Report (Doc. No. 20) recommending that the Court deny Plaintiff's Request for Review and enter judgment in favor of Defendant and against Plaintiff.

Before the Court are Plaintiff's Objections to the Report and Recommendation (Doc. No. 21). Pursuant to Title 28, United States Code, Section 636, the Court will now review the portions of the Report and Recommendation to which objection has been made. After an independent review of the record and for reasons that follow, the Court finds that the Objections lack merit, and adopts and approves in their entirety the findings in the Report and

1

Recommendation.

## II.   PROCEDURAL HISTORY

On March 21, 2007, Plaintiff filed an application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") with the Social Security Administration ("SSA").  (Administrative Record ("Admin. R.") at 9.)  She claimed a disability onset of April 16, 1999, attributing the disability to a cervical spine disorder and hypertension.  (Id. at 9, 12.)  This application was Plaintiff's fourth application for benefits filed with the SSA based on her spine disorder originating in April 1999.[1]  (Id. at 9.)

Plaintiff's application was denied on October 1, 2007.  (Id.)  On October 10, 2007, Plaintiff filed a written request for a hearing pursuant to 20 C.F.R. §§ 404.929, 416.1429.  (Id.)  The request was granted and on December 8, 2008, Plaintiff, who was represented by counsel, appeared before Sherman Poland, Administrative Law Judge ("ALJ").  (Id.)  Plaintiff and Sherry L. Kristal-Turetzky, "an impartial vocational expert," testified at the hearing.  (Id.)

On February 20, 2009, Judge Poland, pursuant to the sequential evaluation process for

---

[1] On June 8, 1999, Plaintiff filed her first application for SSI with the SSA.  (Admin. R. at 9.)  She claimed a disability onset of April 16, 1999, attributing the disability to a cervical spine disorder and hypertension.  (Id. at 9, 12.)  The SSA denied her claim.  Plaintiff appealed this denial and requested a hearing.  (Id. at 9.)  Her request for a hearing was granted, but Plaintiff failed to appear for the hearing.  As a result her claim was dismissed on June 28, 2001. (Id.)

On February 26, 2003, Plaintiff filed a second application for SSI and Disability Insurance Benefits ("DIB"), again claiming a disability onset of April 16, 1999.  (Id.)  Her application was initially denied on July 10, 2003.  (Id.)  Plaintiff appealed this decision.  (Id.)  On December 7, 2006, her claim was denied by the SSA Appeals Council.  (Id.)

On March 20, 2006, Plaintiff filed her third application for SSI claiming a disability onset of April 16, 1999.  Her claim was denied on June 23, 2006.  Plaintiff did not appeal this decision.

2

disability,[2] issued a decision denying Plaintiff's claim. (Admin. R. at 9-16.) On April 15, 2010, the Appeals Council denied Plaintiff's request for review, making Judge Poland's decision the final decision of the Commissioner. (Id. at 1-3.)

On June 22, 2010, Plaintiff filed her Complaint against the Commissioner. (Doc. No. 3.) After both parties submitted documents and briefs in accordance with this Court's Procedural Order of June 28, 2010 (Doc. No. 5), the Court referred the matter to United States Magistrate Judge Carol Wells for a Report and Recommendation. (Doc. No. 18.) On April 8, 2011, Judge Wells filed a Report and Recommendation. (Doc. No. 20.) On April 19, 2011, Plaintiff filed Objections.[3] (Doc. No. 21.) The Court must now "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The Court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. LEGAL STANDARD

When a district reviews a final decision of the Commissioner of Social Security, the court must determine whether the record shows substantial evidence to support the Commissioner's decision.[4] 42 U.S.C. §§ 405(g), 1383(c)(3). In making this decision, the Court reviews whether

---

[2] 20 C.F.R. § 404.1520(a)(4)(i)-(v). See also Part IV, *infra*.

[3] The Court will cite Plaintiff's Objections throughout the Opinion as Doc. No. 21.

[4] 42 U.S.C. § 405, which governs the procedure for reviewing Social Security Benefit applications, states that the Commissioner is "directed to make findings of facts and decisions" as to eligibility for benefits. Pursuant to § 405(b)(1), if an applicant wishes to contest a decision of the Commissioner, the Commissioner must offer the applicant a hearing. An ALJ conducts the hearing, after which he issues a decision which affirms, modifies, or reverses the decision of the Commissioner. Therefore, for purposes of this Opinion, the terms ALJ and Commissioner will be used interchangeably.

there is substantial evidence to support the Commissioner's decision that Plaintiff is not disabled. Substantial evidence is defined as "more than a mere scintilla . . . [and includes] such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cherry v. Barnhart, 29 Fed. App'x 898, 901 (3d Cir. 2002) (quoting Richardson v. Perales, 402 U.S. 389, 407 (1971)). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

An ALJ, rendering a decision on behalf of the Commissioner, must set out a specific factual basis for each finding. Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974), cert. denied, 420 U.S. 931 (1975). The ALJ "must consider all the evidence and give some reason for discounting the evidence [the ALJ] rejects." Ray v. Astrue, 649 F. Supp. 2d 391, 402 (E.D. Pa. 2009) (quoting Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994)). Although the ALJ does not have to make reference to *every* relevant medical note in a voluminous medical record, the court "expect[s] the ALJ, as the fact finder, to consider and evaluate the medical evidence in the record consistent with his responsibilities under the regulations and case law." Reefer v. Barnhart, 326 F.3d 376, 381-82 (3d Cir. 2003). Simply referring to the "record as a whole" is insufficient. Abshire v. Bowen, 662 F. Supp. 8 (E.D. Pa. 1986). See Carter v. Apfel, 220 F. Supp. 2d 393, 397 (M.D. Pa. 2000).

A claimant proves he has a "disability" when he demonstrates a medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity ("SGA") for a statutory 12-month period. 42 U.S.C. § 412(d)(1). In order to determine if a claimant possesses an impairment that prevents him from engaging in any substantial gainful activity, an ALJ uses a five-step process:

4

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in §404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4)(i)-(v).

## IV. FACTUAL BACKGROUND

### A. Plaintiff's History and Characteristics

Plaintiff Joanne Gasaway is 66 years of age, unmarried with two adult children. (Admin. R. at 20.) She lives with a relative. (Id.) Plaintiff does not have a driver's license and does not "go out often." (Id.) According to Plaintiff she "stay[s] home most of the time because [she] can't do a lot of walking." (Id.) When questioned about whether she engages in social activity Plaintiff responded: "No I don't go out. Very seldom do I go out." (Id. at 28-29.) Plaintiff goes out about once every three months to attend her doctor's appointments. (Id. at 20-21.) Her daughter drives her to these appointments. (Id.) Because of her limited mobility, Plaintiff

receives help with her household chores. (Id. at 29.)

Plaintiff is a college graduate who worked part-time as an administrative assistant until April 1999. (Admin. R. at 21.) In April 1999 Plaintiff was involved in a bus accident. (Id.) The accident caused injury to Plaintiff's cervical spine, which cannot be corrected with surgery. (Id. at 22-23.) Plaintiff alleges that as a result of this injury, she has limited mobility and is unable to function as an administrative assistant. (Id. at 26.) During her administrative hearing, Plaintiff testified that she cannot raise her arms because of neck pain and cannot stand in place because of back pain. (Id. at 27-28.) She is unable to sit for more than two to three hours at a time. (Id. at 29.) During the day, Plaintiff frequently lays down to rest her back. (Id.) At night Plaintiff has difficulty sleeping, waking up several times. (Id.) When questioned at her administrative hearing why she failed to appear for her schedule consultative examination, Plaintiff responded that she did not recall that she had such an appointment so she could not explain why she missed it. (Id. at 26.)

      **B.**     **Testimony of the Vocational Expert**

Sherry L. Kristal-Turetzky testified at the administrative hearing as a vocational expert ("VE"). Judge Wells summarized her testimony as follows:

> The VE characterized Plaintiff's past relevant work as an administrative

assistant as skilled[5] work performed at the sedentary[6] exertion level in the national economy, but at the light[7] exertion level, as described in Plaintiff's file. (R. 31). Plaintiff acquired skills transferrable to skilled and semi-skilled[8] work, such as a sedentary, receptionist job. (R. 31-32). The ALJ asked the VE to consider a hypothetical individual at the light exertion level, who: (1) can occasionally perform postural activities; (2) has no significant manipulative, visual, communication, mental or concentration, attention and pace limitations; and (3) must avoid hazardous machinery and unprotected heights. (R. 32). The VE responded that this person could perform Plaintiff's past relevant work. (R. 32).

(Doc. No. 20 at 3-4.)

### C. The Findings of the ALJ to Which Plaintiff Objects:

The ALJ found that plaintiff had a severe back injury, but that she was not "disabled" within the meaning of the Social Security Act because she is capable of performing her past relevant work as an administrative assistant. Accordingly, the ALJ, on behalf of the

---

[5] "Skilled work requires qualifications in which a person uses judgment to determine the machine and 3 manual operations to be performed in order to obtain the proper form, quality or quantity of material to be produced. Skilled work may require laying out work, estimating quality, determining the suitability and needed quantities of materials, making precise measurements, reading blueprints or other specifications, or making necessary computations or mechanical adjustments to control or regulate the work. Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. §§ 404.1568(c), 416.968(c).

[6] "Sedentary work involves lifting no more that 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

[7] "Light work involves lifting no more that 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. . . . If someone can do light work, we determine that he or she can do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

[8] "Semiskilled work is work which needs some skills but does not require doing the more complex work duties." 20 C.F.R §§ 404.1568(b), 416.968(b).

7

Commissioner, denied her SSI/DIB claim.

Plaintiff challenges the following findings of the ALJ:

> 2. [Plaintiff] has the following severe impairment: a back disorder (20 CFR 416.921 *et seq.*).
>
> 4. After careful consideration of the entire record, I find that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she can only occasionally climb stairs, bend or stoop, kneel, crouch/squat or balance; and she should avoid hazards such as moving machinery and unprotected heights.
>
> 5. [Plaintiff] is capable of performing her past relevant work as an administrative assistant. This work does not require the performance of work-related activities precluded by [Plaintiff's] residual functional capacity (20 CFR 416.965).
>
> 6. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from March 21, 2007 through the date of this decision (20 CFR 416.920(f)).

(Admin. R. 12-16).

### III. DISCUSSION

#### A. **Objections One and Two**:

The first two objections submitted by Plaintiff evidence Plaintiff's displeasure with the characterization of the facts as presented in the Report and Recommendation. In her second objection, Plaintiff objects to the statement in the Report that "[s]he does not socialize." (Doc. No. 21 at 1.) According to Plaintiff: "Due to disability, Plaintiff can't go out often, but does occasionally socialize with children and relatives." (Id.)

The portion of the administrative record that corresponds to the objectionable statement is found on page 13 of the Transcript of Plaintiff's hearing with the Social Security Administration.

At her administrative hearing when asked if she had any social activities Plaintiff responded: "No, I don't go out. Very seldom do I go out." (Admin. R. at 29.) The second objection represents a dissatisfactions with Judge Wells's characterization of this testimony and is an attempt to explain the answer Plaintiff gave during her administrative hearing. The statement of Judge Wells that Plaintiff does not socialize is a reasonable characterization of Plaintiff's testimony that "I don't go out. Very seldom do I go out." Further, whether Plaintiff socializes is not material to the determination of whether Plaintiff has a disability.

Similarly, Plaintiff's first objection lacks merit. Plaintiff objects to the characterization contained in the Report and Recommendation that "she frequently naps." (Doc. No. 21 at 1.) The portion of the hearing transcript that corresponds with this characterization provides:

> Q   Do you rest or take naps at all during the day?
> A   I do. If my back starts bothering me I must lay down and release my back.

(Admin. R. at 29.) The statement that Plaintiff frequently naps is a reasonable characterization of this testimony and is not material to the decision here.

Consequently, the Court finds that neither the first nor the second objection provide a basis for modification of the Report and Recommendation.

**B.   Objections Three And Four:**

In the third and fourth objections, Plaintiff objects to the testimony of the vocational expert that Plaintiff "has no significant manipulative, visual, communication, . . ." and " that [Plaintiff] could perform Plaintiff's past relevant work." (Doc. No. 21 at 1-2.) These objections evidence Plaintiff's dissatisfaction with the testimony of the vocational expert, rather than the characterization of the facts in the Report and Recommendation. The testimony of the vocational

expert is not subject to the Court review. Review is limited to a determination of whether the ALJ's findings are consistent with the record evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). Thus, the testimony of the vocational expert is only relevant as evidence in the record that is consistent with the findings of the ALJ.

The summary of the testimony contained in the Report and Recommendation is entirely consistent with the administrative record and, therefore, objections three and four fail to provide a basis for modification of the Report. (See Doc. No. 20 at 3-4; Admin. R. at 31-34.)

C. **Objections Five Through Seven**:[9]

Plaintiff's fifth, sixth and seventh objections correspond to Part III of the Report and Recommendation. Part III presents the factual findings of the ALJ and is entirely consistent with the administrative record. For example, in her fifth objection, Plaintiff objects to the Report and Recommendations's statement: "[Plaintiff] has the following severe impairment: a back disorder." (Doc. No. 21 at 2 (referring to page 4 of the Report and Recommendation, Doc. No. 20).) Plaintiff explains that she "does not have a back disorder, but she *does* have severe back pain." (Id. (emphasis in original).) The ALJ specifically found that Plaintiff has a back disorder. (Admin. R. at 12.) In fact, the portion of the Report and Recommendation to which Plaintiff objects is quoting the findings from the administrative record. (Id.)

Further, these objections evidence Plaintiff's misunderstanding of this section of the Report and Recommendation. The purpose of this section of the Report is to summarize the

---

[9] Plaintiff objects to the following statements: (5) "[Plaintiff] has the following severe impairment: a back disorder;" (6) "I find that Plaintiff has residual functional capacity to perform light work as defined in . . . "[sic] except she can obviously climb stairs, bend or stoop, knel [sic], crouch/squat or balance . . ." (7) "[Plaintiff] is capable of performing her past relevant work as an administrative assistant." (Objections, Doc. No 21 at 2-3.)

portions of the ALJ findings to which Plaintiff objects in her Complaint, not to determine whether these findings are supported by the administrative record. The Report is simply summarizing the issues presented by Plaintiff in her Request for Review and quoting the portions of the ALJ findings Plaintiff challenges. Accordingly, the Court finds that these objections cannot serve as the basis for modification of this portion of the Report and Recommendation.

**D.** **Objections Eight And Ten**:

Plaintiff objects to the ALJ finding that she could only pursue an SSI claim from March 21, 2007. (Doc. No. 21 at 4, 5.) She asserts that she was applying for benefits on account of her disability which originated in April 1999 and thus that her SSI/DIB benefits should have been assessed from this date. (Id.) However, Plaintiff ignores the uncontroverted factual finding of the ALJ that Plaintiff submitted three prior applications for SSI/DIB benefits based on her April 1999 spinal injury. (Admin. R. at 9.) The Commissioner had previously issued three final decisions denying her prior applications. Therefore, the only relevance of the fourth and current application would be a disability which developed after the date of these decisions. Accordingly, the ALJ properly determined that Plaintiff could only pursue her SSI/DIB claim from the date of the disability application, March 21, 2007, regardless of Plaintiff's attempt to pursue her claim from April 1999.

**E.** **Objections Nine And Sixteen - Plaintiff's Throat Condition**:

Plaintiff's ninth and sixteenth objections both refer to Plaintiff's alleged "speech problem" or "throat condition." (Doc. No. 21 at 4, 6-7.) In both objections, Plaintiff asserts that the ALJ erred when he concluded that the Record failed to support Plaintiff's claim of an alleged throat impairment. (Id. at 6-7.) However, the only evidence Plaintiff presented regarding her

11

throat impairment is her assertion that "this physical problem was witnessed by all present at the Appeal Hearing in December 2008." (Id. at 7.) Not one of the treatment notes contained in the record mentions a throat impairment. (Admin. R. at 144, 148-49, 155-56, 162-64, 169, 174-76.) The administrative record does not support a finding that Plaintiff had a throat impairment. Thus, the ALJ's finding, which is consistent with this Court's finding, is supported by substantial evidence.

### F. Objection Eleven - Plaintiff's Request For Verification:

Page 147 of the administrative record contains a "Range of Motion Chart" submitted by Dr. James R. Smith. At the top of the chart there is a place where the Doctor completing the chart may fill in the name of the patient to whom the chart applies. On the chart submitted by Dr. Smith, this top portion is blank. Plaintiff asserts that since the chart does not include her name, it must have been erroneously filed on her behalf. Contrary to Plaintiff's assertion, Judge Wells found that the findings recorded on the chart on page 147 of the administrative record correspond directly to Dr. Smith's findings itemized on his December 9, 1999 Report as contained on page 142 of the record and therefore that the chart applied to Plaintiff.

In her eleventh objection, Plaintiff requests that the Court order Dr. James R. Smith to verify that the "Range of Motion Chart" (Admin. R. 147) he submitted as part of the administrative record is in fact Plaintiff's chart. (Doc. No. 21 at 5.) As stated above, the Court is required to determine whether *the record* shows substantial evidence to support the Commissioner's decision. 42 U.S.C. §§ 405(g), 1383(c)(3). The Court therefore must look at the record before the ALJ to determine whether the final decision is supported by substantial evidence in this record. Since a verification from Dr. Smith was not a part of the record before

the ALJ, a verification would be irrelevant to the Court's decision here.

**G.     Objection Twelve:**

The administrative record includes documents showing the appointment of Plaintiff's most recent counsel, Eric Shore. (Doc. No. 59-60.) In her Brief in Support of Request for Review, Plaintiff contends that the administrative record is deficient because it includes Bruce Shore as her most recent counsel without including the names of her prior attorneys. (Doc. No. 15 at 2-3.) As Judge Wells noted in her Report, this is not at all relevant to the ALJ's decision and therefore the omission of this information is "at worst, a harmless error." (Doc. No. 20 at 8 (citing Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005)).)

**H.     Objections Thirteen and Fourteen - New Records:**

Objections thirteen and fourteen both reference medical records omitted from the administrative record. Plaintiff asserts that Judge Wells mischaracterized the omitted records as "reports" when they were actually "treatment notes." (Doc. No. 21 at 6.) It is not material whether these omitted records are described as "reports" or "treatment notes." The relevant conclusion regarding these records is that they were omitted by the ALJ because they were records which post-dated the date of the hearing. They were not before the ALJ and the ALJ's failure to consider these records was not an error. A district Court's review of the decision of an ALJ is limited to whether his conclusions are supported by substantial evidence of record. See Matthews v. Apfel, 239 F.3d 589, 594-95 (3d Cir. 2001). These documents were not part of the record upon which the ALJ based his decision and are therefore not a basis to conclude that the ALJ decision was an error.

13

However, if Plaintiff has proven that this new evidence is both new and material to the disability determination in this case, the Court may order that the case be remanded to the ALJ to consider this new evidence. 42 U.S.C.A. § 405(g). Title 42, United Stated Code, Section 405(g) provides in relevant part:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

As Judge Wells explained, to warrant remand based on evidence pursuant to Section 405(g), the evidence must be both new and material to the disability determination. Matthews, 239 F.3d at 594. Judge Wells found that these records were cumulative of other evidence before the ALJ and were not material. She explained:

> Evidence is not new if it is cumulative of other evidence already contained in the record. Szubak, 745 F.2d at 833. Materiality requires that the evidence demonstrate a reasonable probability of a different disability determination and the evidence must relate to the "time period for which benefits were denied," and not demonstrate the "subsequent deterioration of the previously non-disabling condition." Id. The April 10, 2009 lumbar spine X-ray report indicates that Plaintiff has a "Normal lumbar spine." Pl.'s Br. at 25. This evidence does not support a finding of disability, hence, it is not material. Szubak, 745 F.3d at 833. Because the ALJ found on February 20, 2009 that Plaintiff's impairment was not disabling based on the existing record, the April 2009 X-ray and MRI reports of Plaintiff's cervical spine are only helpful to Plaintiff if they show that her cervical spine condition had

14

worsened; however, this would render the records immaterial.[10] Id. If on the
other hand, those medical records show no change from Plaintiff's prior
records, they are cumulative and not new. Id. Plaintiff cannot demonstrate
that her April 2009 records are both new and material; therefore, a sentence
six remand is inappropriate. Matthews, 239 F.3d at 594; Szubak, 745 F.2d at
833.

(Doc. No. 20 at 9.) The Court agrees with this finding. Accordingly, objections thirteen and fourteen do not provide a basis for modifying the Report and Recommendation.

I. **Objection Fifteen**:

The ALJ rejected the February 7, 2007 findings of Dr. James R. Smith (Admin. R. at 160). Although the ALJ acknowledged that the findings support a total disability, he rejected them as inconsistent with other medical evidence in the record, including Dr. Smith's own treatment records, and because the findings appeared to be based solely on Plaintiff's subjective complaints. (Id. at 15.)

In objection fifteen, Plaintiff writes: "Because Judge Poland is not a medical doctor, why should any judge have the authority to reject declaration of total disability by a medical doctor?" As Judge Wells wrote in the Report and Recommendation, the Third Circuit has held that a judge

---

[10] The April 10, 2009 X-ray report of Plaintiff's cervical spine indicates "Moderate degenerative change," at C2-C3 and C4-C6. Pl.'s Br. at 22. The April 17, 2009 MRI report of Plaintiff's cervical spine indicates "C3-C4 central HNP," and C4-C5 central disc bulge." Pl's Br. at 24. (HNP, or herniated nucleus pulposus, is "prolapse of the central area of an intervertebral disk through the surrounding annulus. Symptoms occur when the disk impinges on an adjacent nerve root, causing segmental radiculopathy with parasthesias and weakness in the distribution of the affected root." *The Merck Manual*, 1902 (18th ed. 2006)). The November 10, 2000 cervical spine MRI report contained in the record indicates that Plaintiff has "moderate degenerative cervical disc disease," concentric disc protrusion at C2-C3, C3-C4, C4-C5, C5-C6 and C6-C7, but no herniation. (R. 159). Hence, it would appear that, with evidence of herniation, the April 17, 2009 MRI report may well demonstrate the exacerbation of Plaintiff's cervical spine problem.

is permitted to reject the findings of a physician only when the findings are conclusory, unsupported by medical evidence, or contrary to findings of other physicians. (Doc. No. 20 at 11 (citing Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991).) Where the findings of a physician are inconsistent with other evidence of record and cannot be reconciled with the contradictory evidence, it follows that a judge must reject either the findings of the physician or the contradictory evidence. Thus, in response to the question posed by Plaintiff's objection, the ALJ was permitted to reject the February 7, 2007 findings because they contradicted the great weight of the evidence.

## IV. CONCLUSION

For the foregoing reasons, the Court will approve and adopt the Report and Recommendation of Magistrate Judge Carol Wells (Doc. No. 20).

An appropriate Order follows.